# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| QUINN AARON KLEIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-312-F |
| | ) | |
| JUSTIN JONES, DIRECTOR,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Petitioner is challenging the revocation of a sentence entered in the District Court of Cleveland County, Case No. CF-1995-1399, for his conviction for Obtaining Merchandise or Money by Means of Two or More Bogus Checks. Respondent has responded to the petition and filed certain relevant state court records. Petitioner has filed a reply [Doc. No.12], and the case is therefore at issue. For the following reasons, it is recommended that the petition be denied.

---

[1] Petitioner named the Department of Corrections as Respondent. Pursuant to Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, the proper respondent in a habeas proceedings is "the state officer having custody of the applicant." Because Petitioner is incarcerated in a private prison, Justin Jones, Director of the Oklahoma Department of Corrections, is substituted as the proper Respondent.

[2] It appears the petition should be construed as arising under 28 U.S.C. § 2241. *See Stoltz v. Sanders,* Nos. 00-6188, 2000 WL 1730894 (10th Cir. Nov. 22, 2000) ("To the extent Mr. Stoltz is challenging the revocation of his sentence, we construe his petition as filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence, rather than its validity.").

## I. BACKGROUND

On or about July 11, 1996, Petitioner plead guilty to a charge of Obtaining Cash or Merchandise by False or Bogus Check in the District Court of Cleveland County, Case No. CF-1995-1399. Response, Ex. 1, p. 9 (Court Docket). He was sentenced to ten years imprisonment with all but the first six months suspended. *Id.* On April 10, 2003, the State filed a motion to revoke,[3] and on June 12, 2003, Petitioner appeared with counsel and confessed the State's motion. *Id.*, p. 17. Finding that the motion was factually based, the trial court sustained the motion and set sentencing on January 8, 2004. *Id.* Over the next four years, Petitioner's sentencing date was repeatedly continued, often at the request of his counsel based on Petitioner's periodic incarceration in both state and federal facilities, and at other times the continuance was necessary because Petitioner simply failed to appear with no explanation given.[4] *Id.*, pp. 18-23; *see also*, Response, Ex. 4, p. 2 (OCCA Order Denying Petitioner for Leave to Commence Out-of-Time Revocation Appeal). Finally, on February 28, 2008, Petitioner appeared in Cleveland County District Court with counsel, and after

---

[3]Petitioner pled guilty on April 18, 2002, to a prior application to revoke which guilty plea resulted in the revocation of one day of his suspended sentence and the entry of a new restitution schedule. Response, Ex. 1, p. 14 (Court Docket). Petitioner does not challenge this revocation in the instant action.

[4]These events are summarized further in two documents submitted to the OCCA by Petitioner in his unsuccessful attempt to appeal the revocation of his suspended sentence. Those documents - "Accelerated Docket Waiver" (which includes a two page Summary of Case) and "Application for Accelerated Docket" - are attached to the petition. Unfortunately, the attachments to the petition are not numbered or otherwise separately identified, and the undersigned has not been able to devise an efficient way to direct the reader to a specific attachment other than to identify the attachment by title of the document.

hearing argument, the trial judge revoked Petitioner's suspended sentence to the extent of four years and six months. *Id.*, p. 23. Petitioner attempted to appeal the revocation of his suspended sentence; however, on May 15, 2008, the Oklahoma Court of Criminal Appeals (OCCA) dismissed the appeal based on Petitioner's failure to comply with certain court rules required to invoke the Court's jurisdiction. Response, Ex. 2 (OCCA Order Dismissing Appeal). Thereafter, on December, 2008, Petitioner's petition for leave to file an appeal out of time was denied by the OCCA, based on the Court's finding that Petitioner failed to show he was denied the opportunity to bring a timely appeal through no fault of his own. Response, Ex. 4 (OCCA Order Denying Petition For Leave to Commence Out-Of-Time Revocation Appeal).

## II. CLAIMS

Petitioner asserts three grounds for habeas relief: Ground One - illegal revocation of expired sentence; Ground Two - prosecutorial misconduct; and Ground Three - ineffective assistance of counsel. Respondent contends that Petitioner has procedurally defaulted these claims and that therefore, federal habeas review of the petition is barred.

## III. ANALYSIS

### A. Procedural Default

Federal courts may not review the merits of habeas claims that have been defaulted in state courts on an independent and adequate state procedural ground unless the petitioner demonstrates cause for the default and actual prejudice, or alternatively demonstrates a fundamental miscarriage of justice. *Bousley v United States*, 523 U.S. 614, 622 (1998);

*Sawyer v. Whitley*, 505 U.S. 333, 338-339 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998). In this case, the undersigned declines to address the complex issue of procedural default because the issues raised by Petitioner are without merit and may be decided more easily and succinctly on that basis. *Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000). When the state appellate court has not addressed the merits of a claim, the federal courts "must exercise [their] independent judgment in deciding the claim." *Hain v. Gibson*, 287 F.3d 1224, 1229 (10th Cir. 2002).

**B. Ground One - Illegal Revocation of Expired Sentence**

Petitioner asserts that his suspended sentence had expired prior to the revocation hearing, a fact which he claims the assistant district attorney admitted on the record.[5] Petition, p. 4. To the extent the claim relies solely on state law, it fails to state a claim for federal habeas relief. It is fundamental that federal courts do not grant habeas relief for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The state court's failure to follow its own rules will give rise to habeas relief only if such failure also constituted a

---

[5]Petitioner first raised this claim in a document submitted to the OCCA as part of his attempt to appeal the revocation of his sentence. Petition, attached "Application for Accelerated Docket" at p. 2. In support of this claim Petitioner relied solely on Oklahoma law, citing two Oklahoma state cases - *Frazier v. State*, 793 P.2d 1365 (Okla.Crim.App. 1989) and *Hansen v. Page*, 440 P2d 211 (Okla.Crim.App. 1968). In *Frazier*, the OCCA reversed the revocation of a suspended sentence finding that although the original application to revoke was filed one month prior to the expiration of the suspended sentence, the revocation was based on a violation which occurred after the petitioner's suspended sentence had expired (new criminal activity asserted in a subsequent, amended application to revoke). In *Hansen*, the OCCA rejected the petitioner's application for credit for time spent on his suspended sentence before it was revoked. These cases are clearly distinguishable on the facts from Petitioner's case.

4

violation of due process guaranteed by the federal Constitution. *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). A petitioner who relies upon the due process analysis must show that "the deprivation occasioned by the state's failure to follow its own law [is] arbitrary in the constitutional sense; that is, it must shock the judicial conscience." *Aycox v. Lytle*, 196 F.3d 1174, 1180 (10th Cir. 1999).

Petitioner has not even shown a violation of state law with respect to this claim. The record clearly demonstrates that, contrary to Petitioner's claim, the order of revocation challenged herein was entered on June 12, 2003, based on Petitioner's confession of the State's motion to revoke filed on April 10, 2003. Petition, attached District Court of Cleveland County Docket, pp. 17-18. Thus, Petitioner's nine and one-half year suspended sentence imposed on July 11, 1996, had certainly not expired at the time the application to revoke was filed or at the time the court ordered his sentence revoked. *Id.*, p. 9. Petitioner's claim that the "Order Revoking Suspended Sentence" was dated February 28, 2008, *see* petition, attached "Application for Accelerated Docket" at p. 2, is not supported by the record. Rather, the record reflects on that date, after repeated continuances of the sentencing hearing, the court finally sentenced Petitioner to a term of incarceration, revoking four years and six months of Petitioner's suspended sentence, all in accordance with the court's earlier order sustaining the State's motion to revoke. Petition, attached District Court of Cleveland County Docket, p. 24.

In any event, under Oklahoma law, the trial court's jurisdiction over the revocation proceeding is based on the filing of the application to revoke, which in this case indisputably

5

occurred on June 12, 2003, well before Petitioner's suspended sentence expired. *See Degraffenreid v. State*, 599 P.2d 1107, 1109 (Okla. Crim. App. 1979) ("in an application for revocation of a suspended sentence, the effective date is when the application is filed . . .") Mr. Degraffenreid appealed the revocation of his suspended sentence claiming, like Petitioner, that the court lost jurisdiction to revoke his sentence because the revocation hearing was not held until after his sentence had expired.[6] Unlike the instant case, Mr. Degraffenreid's hearing was in fact held after his suspended sentence had expired; however, even under those circumstances, the OCCA denied relief, finding that "[a]s long as the application to revoke is filed before the end of the suspended sentence, the court can maintain jurisdiction with the power and authority to revoke the suspension, even though in reality the suspended sentence may have expired." *Id.* Thus, Petitioner has clearly failed to show a violation of state law under the circumstances of his case. Moreover, Petitioner does not allege nor has he shown that the revocation of his suspended sentence resulted in any fundamental unfairness or otherwise denied him due process of law.

For these reasons, Petitioner's claim that he is entitled to habeas relief because his suspended sentence expired before it was revoked by the state court is without merit and should be denied.

---

[6]Mr. Degraffenreid also claimed that the trial court lost jurisdiction to revoke his suspended sentence because although the application to revoke was filed and an arrest warrant issued before the expiration of the suspended sentence, he was not actually arrested until after the sentence had expired. *Degraffenreid v. State*, 599 P.2d at 1109-1110. The OCCA found no merit to this claim.

## C. Ground Two - Prosecutorial Misconduct

In his second claim for habeas relief, Petitioner again fails to allege the violation of any federal right. In support of his claim of prosecutorial misconduct, Petitioner asserts only that:

> ADA Rick Sitzman said in response to OCCA's order that numerous time he attempted to writ [Petitioner] and BOP would not honor his request. Then on hearing date for revo. he admitted he never attempted to. Court record.

Petition, p. 6.

The undersigned has broadly construed this claim to assert that the State - through the assistant district attorney - caused an unreasonable delay in the completion of the revocation proceedings. As previously discussed, the State filed the application to revoke Petitioner's suspended sentence on April 10, 2003, and following Petitioner's appearance and stipulation to the alleged violations, the trial court granted the State's motion on June 12, 2003. Thus, the actual decision to revoke was made by the court without undue delay. The only significant delay in the revocation proceedings involved the imposition of his sentence, and much of that delay was at the request of his counsel or due to Petitioner's own failure to appear for scheduled sentencing hearings. Petitioner fails to meet the required showing that any "deprivation occasioned by the state's failure to follow it own law [was] 'arbitrary in the constitutional sense[.]'" *Aycox v. Lytle*, 196 F.3d at 1180 (citation omitted). The undersigned does not find the delay shocking to the judicial conscience.

Nor has Petitioner alleged or demonstrated that he was prejudiced in any way by the

delay. The record reflects that Petitioner appeared with counsel and stipulated to the alleged violation of the terms of his suspended sentence at the hearing held just two months after the State's application to revoke was filed. Thus, Petitioner's decision to waive the opportunity to contest the alleged violations negates any claim that he was prejudiced in his ability to contest the validity of the revocation. *See United States v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996) (holding that "defendant's due process concerns about delay come into play only when the delay has prejudiced the defendant's ability to contest the validity of the revocation").

Even if the assistant district attorney was less than candid with the court regarding his prior attempts to obtain Petitioner's presence at the sentencing hearing, Petitioner offers no explanation as to why such action would entitle him to habeas relief. *See White v. Braley*, No. 98-6361, 1999 WL 107106, at * 1 (10th Cir. Feb. 16, 1999) (unpublished op.) (regarding hearing to remove the defendant from a pre-parole conditional supervision program, delay was not unconstitutional because defendant had "not alleged that the delay interfered with his ability to call witnesses or present evidence, or explained with any specificity how he was otherwise prejudiced[]"). Citing *McNeal v. United States*, 553 F.3d 66, 69 (10th Cir. 1977), the Court in *White* held that "[e]ven if the delay was unjustified, that fact alone is of no help to petitioner if finally a fair hearing was held which satisfied the requirements of the Constitution." *Id.* Petitioner does not complain that either the revocation hearing or the sentencing hearing was unfair in any way. Thus, under these circumstances, his conclusory assertion of a delay fails to support a claim for federal habeas relief.

Petitioner's Second Ground for habeas relief should be denied.

**D. Ground Three - Ineffective Assistance of Counsel**

In his final claim for habeas relief from the revocation of his suspended sentence, Petitioner contends that his attorney was ineffective. As supporting facts, Petitioner states only that "[a]tty should have argued harder to dismiss the case. But did not." Petition, p. 7.

To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must establish that counsel performed deficiently and that this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). "Deficient performance" is performance that falls below an objective standard of reasonableness, and a performance which "prejudiced the defense" occurs when it is reasonably probable that the result of the proceeding would have been different but for counsel's errors. *Id.* Petitioner bears the burden of establishing both components. *Smith v. Robbins*, 528 U.S. 254, 285-86 (2000). In addition, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington,* 466 U.S. at 690.

The petition fails to articulate with any specificity what missteps defense counsel made, nor does the petition demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. Petitioner's conclusory and factually unsupported allegation that counsel "should have argued harder to dismiss the case[]" is simply insufficient to demonstrate that counsel was constitutionally ineffective. *See Connor v. Gibson*, 259 F.3d 1253, 1262 n. 8 (10th Cir. 2001) ("[C]onclusory assertions

that counsel was ineffective, along with a bald reference to *Strickland* . . . is simply not sufficient to preserve this claim."); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting pro se conclusory allegations of ineffective assistance of counsel); *James v. Cody*, No. 96-6170, 1996 WL 536522, at *1 (10th Cir. Sept. 23, 1996) (unpublished op.) (conclusory allegations without articulated facts failed to support claim that trial or appellate counsel's performance fell below an objective standard of reasonableness or that their representation prejudiced defendant in any way).

Broadly construing Petitioner's allegation, the undersigned assumes his complaint arises out of the sentencing hearing on May 17, 2004, at which time defense counsel requested another continuance based on Petitioner's continued custody in Oklahoma County Jail, and the court ordered the State to issue a writ for Petitioner's appearance for sentencing on November 8, 2004, noting that "MTR to be dismissed on 11-8-04 if Def not present by writ." Response, Ex. 1, p. 19. When Petitioner failed to appear again on November 8, 2004, rather than dismissing the motion, the court granted defense counsel's motion for another continuance. *Id.* It is not clear from the record why Petitioner failed to appear on November 8 or why the judge chose to grant another continuance. It is clear, however, that it was within the judge's discretion to grant a continuance rather than dismiss the action. In any event, Petitioner has not demonstrated that the court's failure to dismiss the revocation action was in any way due to counsel's failure to "argue[] harder[.]" Petition, p. 7. Accordingly, Petitioner is not entitled to habeas relief based on his claim that counsel was ineffective for failing to argue harder that the case be dismissed.

**RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be denied. In light of this recommendation, it is further recommended that the following motions be denied: Motion to Add Respondents to Case [Doc. No. 11]; Motion for Judgment [Doc. No. 13]; Motion to Compel [Doc. No. 15]; Motion for Summary Judgment [Doc. No. 20]; and Motions for Final Disposition [Doc. Nos. 26, 27, and 28]. Petitioner is advised that he may object to this Report and Recommendation by May 31, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). The Clerk of the Court is directed to send a copy of this Report and Recommendation to the Attorney General of the State of Oklahoma for informational purposes only.

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 10th day of May, 2010.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE